**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 14-04508** |
| **RAFAEL ERNESTO CRUZ SONERA** | **Chapter 13** |
| **Debtor(s)** | |
| | **FILED & ENTERED ON 03/08/2016** |

## <u>OPINION & ORDER</u>

This matter comes before the court on Creditor Judith Aviles Romero's *Motion for Summary Judgment and Memorandum of Law in Support* seeking a determination of non-dischargeability of a debt assumed by the Debtor pursuant to their divorce decree. [Dkt. No. 69]. In his *Memorandum of Law in Support of Summary Judgment*, the Debtor cross-moved for summary judgment, arguing that such debt is dischargeable upon completion of his chapter 13 plan. [Dkt. No. 73]. Accordingly, the threshold issue is whether the obligation assumed by the Debtor is a property settlement debt under 11 U.S.C. § 523(a)(15). The following shall constitute the court's findings of fact and conclusions of law in accordance with FED. R. BANKR. P. 7052.

1

**JURISDICTION AND VENUE**

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b) as a core proceeding arising under Title 11. See 28 U.S.C. § 157(b)(2)(I). Such proceeding has been referred to this court by the District Court under its Order of Reference. See 11 U.S.C. § 157(a); L.Cv.R. 83K(a). Venue is proper in accordance with 28 U.S.C. § 1408.

**FACTUAL BACKGROUND**

Mrs. Judith Aviles Romero (hereinafter "the Creditor") and Mr. Rafael Ernesto Cruz Sonera (hereinafter "the Debtor") were granted a divorce in the Puerto Rico Court of First Instance on October 25, 2011. See Dkt. No. 69 at 1-2. They had two children during the marriage. Id. There are no other dependents to provide for other than the parties themselves and their children.

The divorce decree incorporated numerous stipulations related to custody, child support, and division of property. See Dkt. No. 73 at 1. In particular, the Debtor assumed and agreed to pay off the parties' credit card debt from Banco Popular—the same debt that Creditor asks this court to find non-dischargeable as a non-support divorce-related debt. See Dkt. No. 69 at 4.

The Debtor filed a chapter 13 petition on May 30, 2014. See Dkt. No. 1. He scheduled the credit card debt as an unsecured debt and listed the Creditor as a co-debtor on Schedule H. See Dkt. No. 33 at 1. The Debtor's chapter 13 plan was confirmed on November 4, 2014. See Dkt. No. 43.

According to the Creditor, she received a letter from Banco Popular holding her liable for the credit card debt assumed by her ex-husband. See Dkt. No. 69 at 2. She then filed a priority claim

2

despite the fact that Banco Popular had already filed an unsecured claim for the amount owed on the credit card debt. See Dkt. No. 73 at 2. In her reply to the Debtor's objection, the Creditor recognized that "her real intention…was to seek a court determination of no[n]-dischargeability under 11 U.S.C. § 523(a)(15)." See Dkt. No. 56 at 1.

## SUMMARY JUDGMENT STANDARD

Pursuant to FED. R. CIV. P. 56, made applicable to this proceeding by FED. R. BANKR. P. 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion for summary judgment, all inferences "must be viewed in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleadings but…must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party. See id.

In cases such as this, where the parties have both moved for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden of establishing both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law. See In re Markowitz, 190 F.3d 455, 463 n.6 (6th Cir. 1999). The fact that both parties simultaneously argue that there are no genuine factual issues does not in itself establish that a trial is unnecessary, and the fact that one party has failed to sustain its burden under FED. R. CIV. P. 56 does not automatically entitle the opposing party to summary judgment. See Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 2720 (1998).

## LEGAL ANALYSIS

In her motion, the Creditor seeks a judgment pursuant to 11 U.S.C. § 523(a)(15) as to the non-dischargeability of a credit card debt assumed by the Debtor in the course of their divorce. See Dkt. No. 69 at 4. This section of the Bankruptcy Code provides, in relevant part, as follows:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> . . . . .
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

11 U.S.C. § 523(a)(15).

4

Notably, 11 U.S.C. § 523(a) only governs discharges in a chapter 13 case pursuant to 11 U.S.C. § 1328(b). That subsection provides for what is commonly known as a hardship discharge when the debtor has not completed payments under his chapter 13 plan. However, 11 U.S.C. § 1328(a) governs dischargeability of debts in a chapter 13 case when the debtor completes all payments under the plan and certifies that all amounts payable that are due under a domestic support obligation have been paid. See 11 U.S.C. § 1328(a) (providing that when such circumstances are satisfied "the court shall grant the debtor a discharge of all debts provided for by the plan…except any debt…of the kind specified in…paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a).") Therefore, certain debts to a spouse, former spouse, or child of a debtor that are not domestic support obligations, see § 523(a)(5), are among those dischargeable debts that fall within the scope of 11 U.S.C. § 1328(a).

The reason why 11 U.S.C. § 523(a)(15) does not apply to chapter 13 is because the discharge provision found in 11 U.S.C. § 1328(a)(2) does not include 11 U.S.C. § 523(a)(15) among the enumerated exceptions to the chapter 13 discharge. See 4 COLLIER ON BANKRUPTCY ¶ 523.23 at 523-127 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2014). Overwhelming case law supports this court's reading of this statutory provision. See, e.g., In re Pylant, 467 B.R. 246, 251 (Bankr. M.D. Ga. 2012) ("Obligations incurred by the Chapter 13 debtor in connection with a divorce which are not domestic support obligations under 11 U.S.C. § 101(14A) are covered by 11 U.S.C. § 523(a)(15). Those types of obligations are generally referred to as being in the nature of property

division and are dischargeable."); In re Shultz, 2012 WL 5879129 at *2 (Bankr. D. Neb. Nov. 21, 2012) (in Chapter 13 context, a debt that "is part of the parties' property settlement…is dischargeable if the debtor completes the payments under the terms of her confirmed plan."); In re Hutchens, 480 B.R. 374, 385-86 (Bankr. M.D. Fla. 2012) ("…the law is now well-settled that a claim for a property settlement arising from divorce proceedings can still be discharged in a Chapter 13 case if a debtor makes all the required payments under a plan and receives a full compliance discharge under § 1328(a)."); In re Sprouse, 2008 WL 544999 (Bankr. D. Neb. Feb. 25, 2008) at *1 ("[i]n contrast to the non-dischargeability of a domestic support obligation, a debt to a former spouse that is not in the nature of support, described in 11 U.S.C. § 523(a)(15), which would be non-dischargeable in a Chapter 7 case, is dischargeable in a Chapter 13 case.")

At the heart of Creditor's argument of non-dischargeability under 11 U.S.C. § 523(a)(15) is the requirement that the Debtor must be obliged to the Creditor under the terms of the requisite agreement or order. "Section 523(a)(15) makes nondischargeable only "debt[s]…to a spouse, former spouse, or child of the debtor." In re Stanley, 2013 WL 1336103 (Bankr. N.D. Al. March 29, 2013). In the present case, the divorce decree issued by the Puerto Rico Court of First Instance takes account of the parties' stipulation that the Debtor assumed and agreed to pay their marital credit card debt to Banco Popular—a third party creditor. Accordingly, the debt in question falls outside the scope of 11 U.S.C. § 523(a)(15) and is therefore dischargeable upon completion of the chapter 13 plan.

Furthermore, the Debtor claims that the divorce decree does not include an indemnity provision under which the Creditor may be held liable for the debt. Because the First Circuit has not

6

ruled on the issue, it is worth noting the split of authority as to whether debts delegated to divorcing spouses in decrees without indemnity provisions are excepted from discharge under 11 U.S.C. § 523(a)(15). Some courts have held that an express indemnity clause must be present to create liability from the debtor to the former spouse. See, e.g., In re Stegall, 188 B.R. 597, 598 (Bankr. W.D. Mo. 1995) (holding section 523(a)(15) inapplicable because no indemnity provision was present in decree or property settlement agreement); In re LaRue, 204 B.R. 531, 534 (Bankr.E.D. Tenn.1997) (same); In re McKinnis, 287 B.R. 245, 257 (Bankr. E.D. Mo. 2002) (same). Other courts have held that divorce decrees create an obligation on the part of the debtor to the non-debtor spouse even in the absence of an indemnity clause. See, e.g., In re Gibson, 219 B.R. 195, 205 (6th Cir. BAP 1998) (express provision not required); In re Osborne, 262 B.R. 435, 442 (Bankr. E.D. Tenn. 2001) (same); In re Woszczyna, 295 B.R. 425, 429 (Bankr. D. Conn. 2003) (same); In re Montgomery, 310 B.R. 169, 180 (Bankr.C.D. Cal. 2004) (same).

At this juncture, this court need not delve into this unresolved issue. Assuming, for the sake of argument, that the credit card debt assumed by the Debtor falls under the scope of 11 U.S.C. § 523(a)(15), it would still be dischargeable in accordance with 11 U.S.C. § 1328(a). Therefore, in the event that the Debtor's chapter 13 plan is successfully completed, his discharge will include any unpaid balance owed on the credit card obligation with Banco Popular.

7

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Creditor's Motion for Summary Judgment and GRANTS the Debtor's Cross-Motion for Summary Judgment. It is further ordered that the Creditor's proof of claim be DISALLOWED in its entirety.

SO ORDERED

San Juan, Puerto Rico, this 8th day of March, 2016.

Brian K. Tester
U.S. Bankruptcy Judge